# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 06-60060** |
| **VERSUS** | * | **JUDGE   HAIK** |
| **ISAIS RAMIREZ-AQUINO         (01)** | * | **MAGISTRATE JUDGE HILL** |
| **SERVERINO AQUINO-CASTELLAN(02)** | | |
| **RUFFINO DOMINGUEZ              (03)** | | |

## ORDER

Before the court is the Motion for Severance filed by Severino Aquino-Castellan ("Castellan"). [rec. doc. 31]. Opposition has been filed by the government. [rec. doc. 50]. A status conference on the Motion was had on December 7, 2006. Lester J. Gauthier, Jr., counsel for Castellan, and Assistant United States Attorney Howard Parker attended. Counsel for Isais Ramirez-Aquino ("Aquino") and Ruffino Dominguez ("Dominguez") waived their appearance.

By the instant Motion, Castellan seeks an order of this court severing his trial from the trial of his co-defendants, Aquino and Dominguez, because Dominguez allegedly made an extrajudicial statement to Special Agent Phillip J. Ferro which incriminates Castellan and because Aquino allegedly made an incriminating statement about Castellan to Special Agent Jeffrey M. Othic. Neither statement was made at a time when Castellan was able to cross examine Dominguez or Aquino. The defendant Castellan therefore moves for a severance based on *Bruton v. United States*, 391 U.S. 123, 124, 88 S.Ct. 1620,

20 L.Ed.2d 476 (1968). The government apparently agrees that a *Bruton* problem would exist if the statements were to be offered at trial against Castellan.

Although Aquino, Dominguez and Castellan are charged with conspiracy to transport aliens, the statements at issue were not made in furtherance of the conspiracy. Additionally, the statements were apparently made after the conspiracy had terminated. Hence, *Bruton* potentially applies here. However, unless and until the government attempts to introduce the statements of Dominguez and Aquino against Castellan, Castellan cannot demonstrate the requisite prejudice necessary for the grant of a separate trial. *See United States v. Lee*, 744 F.2d 1124, 1126-27 (5th Cir. 1984); *United States v. DeVeau*, 734 F.2d 1023, 1027 (5th Cir. 1984); *United States v. Posada-Rios*, 158 F.3d 832, 863-64 (5th Cir. 1998). Moreover, given the preference in the federal system for joint trials of defendants indicted together, particularly in conspiracy cases, it would be improper at this time to order that Castellan be tried separately. *See Zafiro v. United States*, 506 U.S. 534 (1993); *Posada-Rios*, 158 F.3d at 862. Thus, the undersigned finds that the instant Motion should be denied. In the event the government seeks to introduce the objectionable portions of Dominguez' or Aquino's statements at trial, Castellan's right to re-urge his request for severance is reserved.

Considering the Motion and Opposition thereto, and the arguments of counsel, and for the reasons set forth above;

**IT IS ORDERED** that the Motion for Severance [rec. doc. 31] is **Denied.**

Thus done and signed in chambers this 11th day of December, 2006.

*[Signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE